CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 17 2006

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| RICHARD T. HOLMES, | ) | CASE NO. 3:06CV00018 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's December 2, 2003 protectively filed claim for a period of disability, disability benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 52 years old with a general equivalency diploma (GED) and specialized training in automotive and industrial electronics, and with past relevant work as a heavy equipment operator and an industrial/mining mechanic, had not engaged in substantial gainful activity since his alleged date of disability onset, November 17, 2003, and was insured for benefits through the date of the decision. (R. 17-18, 25.) The Law Judge further found that plaintiff has discogenic and degenerative disorders of the cervical spine

and bilateral carpal tunnel syndrome, which are severe impairments, though not severe enough to meet or equal any listed impairment. (R. 18, 21, 25.) The Law Judge was of the view that plaintiff's allegations with respect to his functional abilities and limitations were not totally credible, and that he retained the residual functional capacity to perform a significant range of light work that does not require fine manipulation. (R. 22-25.) Because plaintiff could not work at a medium exertional level, as required in his previous jobs, the Law Judge determined that plaintiff could not return to his past relevant work. (R. 23, 25.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that jobs as a gate guard, a self-storage counter clerk, and a parking lot attendant were available to plaintiff. (R. 24-25.) Thus, the Law Judge determined that he was not disabled under the Act. (R. 24-26.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision.[1] (R. 6-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In his "Combined Motion," plaintiff argues that the record contains "extensive gaps" which likely impacted the non-examining medical experts' review of the case. (Pl's Combined Motion, p. 3 n. 1.) It is well-settled that the Law Judge has a duty to help develop the record. *See Cook v. Heckler,* 783 F.2d 1168, 1173 (4th Cir. 1986). The undersigned agrees that the record is deficient and has found that the gaps in the record are so critical that they prevent the court from performing a meaningful review of the Commissioner's final decision. (R. 212-213, 215-216, 219-

---

[1] The Appeals Council considered but summarily rejected additional evidence submitted by plaintiff. (R. 6, 387-400.)

Case 3:06-cv-00018-NKM-BWC   Document 13   Filed 10/17/06   Page 2 of 3   Pageid#: 72

228, 269-270.) Faced with such an incomplete record, it is not possible for the court to meaningfully review the record and determine whether the Law Judge's decision is supported by substantial evidence.[2]

Therefore, the undersigned RECOMMENDS that an order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings. Should the Commissioner be unable to grant benefits on the current record, she should be directed to recommit the case to a Law Judge for further proceedings in which both sides could adduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

October 17, 2006
Date

---

[2] The court notes that there is concern about the Law Judge's decision to put great weight on the opinions of the non-examining experts. If the facts turn out to be as plaintiff has alleged, there is a substantial likelihood that plaintiff is disabled under 201.14 of the grids. This should be explored by the Law Judge on remand.

3