CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 0 6 2006

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RICHARD T. HOLMES,<br><br>*Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | CIVIL ACTION NO. 3:06-CV-00018<br><br><u>OPINION AND ORDER</u><br><br>JUDGE NORMAN K. MOON |

On April 5, 2006, Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Commissioner's denial of his claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. By standing order of the Court, this case was referred to the Honorable B. Waugh, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. Plaintiff and Defendant filed motions for summary judgment motion on August 4 and September 6, 2006, respectively. The Magistrate filed his Report and Recommendation ("Report") on September 20, 2006 recommending that this Court enter an Order remanding the case for further development of the record.

No objections to the report were filed. After a thorough examination of Defendant's objections, the applicable law, and the documented record, this Court declines the Magistrate Judge's Report and orders the case dismissed.

# I. BACKGROUND

Plaintiff, Richard T. Holmes, filed his application for DIB and SSI on December 11, 2003, alleging disability since November 17, 2003, due to decreased motor control in the hands caused by carpal tunnel syndrome and pinching of the spinal cord. (R. 27-28, 60). The state agency denied Plaintiff's application initially and on reconsideration (R. 27-28). At Plaintiff's request, an administrative law judge (ALJ) held a hearing on June 1, 2005 (R. 17).

Plaintiff, who was represented by an attorney, a medical expert (ME) and a vocational expert (VE) testified (R. 403-28). On September 8, 2005, an opinion issued over the signature of the ALJ, finding that although Plaintiff had severe limitations and could not perform his past relevant work at the medium exertion level, but had the residual functional capacity (RFC) to perform a significant range of light work not requiring fine manipulation, and, therefore, was not disabled (R. 25-26). Plaintiff filed a Request for Review with the Appeals Council and on February 3, 2006, the Appeals Council denied the request for review.

The Magistrate's Report and Recommendation of September 20, 2006, recommended remand of the case to the ALJ on the grounds that the ALJ had failed to adequately develop the record to account for inconsistencies in the evidence.

# II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C.A. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Fourth Circuit has elaborated on this

definition, explaining that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1990).

It is the duty of the Commissioner reviewing a case, not the responsibility of this Court, to make findings of fact and to resolve conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990) (citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) (holding that the court does not find facts or try the case de novo when reviewing disability determinations).

### III. DISCUSSION

There is little debate about most of the facts surrounding Plaintiff's condition. Plaintiff suffers from a severe impairment in the use of his hands, caused by pressure on the spinal cord from vertebra in his neck. He cannot perform fine manipulation. He cannot work above the light exertional level, and therefore cannot return to his past relevant work. He cannot transfer skills from his prior jobs as a mechanic and heavy equipment operator, both of which are considered skilled positions, to light work. The question is narrow: did the ALJ err in finding that 1) Plaintiff can perform a limited range of light work, and 2) jobs capable of accommodating Plaintiff's impairments exist?

There is substantial evidence in the record to support the ALJ's finding that Plaintiff can perform at least some light work. The ALJ relied very heavily on the findings of Dr. Alexander, who was a non-examining testifying expert. Dr. Alexander's review of the medical record led him to conclude that while Plaintiff would have difficulty with fine manipulations, he could perform gross manipulation for an 8-hour workday. (R. 422-23). Based on that testimony, the ALJ rejected the statements of Ms. Ayers and Drs. Chin and Shah as "only partially creditable." While this Court agrees with Plaintiff that the ALJ's explanation of this rejection was far too

cursory, there is nonetheless substantial evidence supporting the final conclusion.

First, the "letters" sent by Ms. Ayers and Dr. Chin, on which the Plaintiff rests much of his case, are of minimal use to the Court. (R 383 and 385). They are nearly identical and are not printed on hospital letterhead, suggesting that they were not prepared by the medical experts themselves. They are 3 sentences long and contain only conclusory assertions which are for the most part not in dispute: Plaintiff experiences pain, weakness, and numbness in his hands. The letter from Dr. Shah, although on letterhead, is similarly without great probative value. Dr. Shah asserts that Plaintiff is "unfit to work." (R. 380) Although Dr. Shah's medical opinion is entitled to weight, his occupational opinions are not, as there is no evidence indicating that he is an expert on occupational health or the Dictionary of Occupational Titles. Further, Dr. Shah did not expand on his opinion to clarify what he meant by "unfit to work." If he meant that Plaintiff could not return to his past relevant work as a heavy equipment operator, that is not in dispute. If he meant something else, what exactly it might be is unclear. In any case, it is the ALJ who decides whether or not a claimant is fit for work. As a last point, Dr. Shah refers to a "fusion surgery," which Plaintiff did not have. Although this does not deprive his opinion of all weight, it does indicated that at the very least, Dr. Shah's memory or review of the medical records in this case was incomplete.

Second, the evaluation of the Woodrow Wilson Rehabilitation Center is the only evidence in the record which was prepared by experts in both medical evaluation and occupational needs. The Center performed a variety of tests designed specifically to evaluate fitness to work, something no other expert or examiner did in anywhere near as much detail. The conclusion of the Center's examiner, which is borne out in the particularized findings in the record at page 372, is that Plaintiff is capable of a limited rage of light work, but suffers from a

lack of dexterity. Defendant is quick to point out "self-limiting behavior" by Plaintiff as though to suggest malingering, but the Center found self-limitation only on the "work bent over/stooping" category. There is some hint of it in the inconsistencies between isometric grip strength and single-hand carry, but the Center's overall conclusion was apparently not affected. (R. 373). This report by itself constitutes substantial evidence sufficient to support the ALJ's conclusion that Plaintiff is capable of light work. It is also corroborated by Dr. Newell's consultive examination, which based on a less thorough examination, reaches very similar conclusions with somewhat lower weight limits. (R. 146-151). Plaintiff produced no evidence at all which contradicts the findings of the Center.

Finally, Plaintiff apparently has no problems in his daily life, or at least did not complain to his doctors of them. (R. 289). He can assist with household chores and, despite his fine motor difficulties, can button his own pants. (R. 250). He claims some difficulty dressing but the exact nature of it is not explained in the record. Id. Contrary to the Plaintiff's statement that merely "attempting some outside gardening" sent him to the hospital in pain (Pl. Brief, at 9), the medical record shows that he had "been in the garden working a lot" before seeking treatment. (R. 395). There is a substantial difference between seeking treatment after extensive exertion and merely "attempting" it. Plaintiff apparently routinely operates a riding mower but does not drive. (R. 250). These statements from the Plaintiff himself are consistent with the ALJ's finding of a severe impairment which is nonetheless not disabling.

Plaintiff attacks the hypothetical posed to the vocational expert (VE) as inadequate. The ALJ asked about a worker of Plaintiff's age and skill level who "couldn't use his hands very much." (R. 420). This hypothetical is, by itself, ambiguous and probably would be inadequate to support a finding that jobs existed for people with Plaintiff's specific limitations. However, what

followed was a multi-page discussion between the VE and the ALJ, eventually also including Dr. Alexander and Plaintiff, which made clear to the VE exactly what Plaintiff's limitations are. The VE then testified that large numbers of jobs existed that would not require fine movements and which would offer a sit/stand option. (R. 420-28). For that reason, the hypothetical was adequate and the findings of the ALJ as to the existence of work which Plaintiff can perform are supported by substantial evidence.

## IV. CONCLUSION

The Plaintiff's motion for summary judgment is DENIED. The Defendant's motion for summary judgment is GRANTED. This case shall be DISMISSED and stricken from the docket of this Court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _/s/ Norman K. Moon_
U.S. District Court Judge

DATE: 12-6-06